**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CANDICE EILEEN PRICE,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRITY STAFFING SOLUTIONS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-00497<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes CANDICE EILEEN PRICE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of INTEGRITY STAFFING SOLUTIONS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 53 year-old natural person residing at 915 Bellhaven Drive, Apartment 6, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is one of the leading specialty staffing firms in the United States. As a corporation formed under the laws of Delaware, Defendant maintains its headquarters at 700 Prides Crossing, Suite 300, Newark, Delaware.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the summer of 2016, Plaintiff's brother, Alan Price ("Alan"), was searching for employment online and may have entered Plaintiff's phone number on Defendant's website requesting additional information.

10. Shortly thereafter, Plaintiff began receiving calls from Defendant to her cellular phone, (317) XXX-4048.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 4048. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used to contact Plaintiff from is (855) 411-2411.

13. Upon information and belief, the phone number ending in 2411 is regularly used by Defendant during its solicitation of consumers.

14. When Plaintiff answers calls from Defendant she is most often greeted with an automated message soliciting her to use its employment placement services for various companies such as Amazon.

15. Not wanting to receive further calls from Defendant, Plaintiff obtained a local number for Defendant's Indianapolis office. When she called Defendant, Plaintiff spoke with a female representative, informing her that she was not interested in its services and to stop contacting her.

16. Defendant's representative assured Plaintiff that her phone number would be removed from its system.

17. Plaintiff has been unable to work for several years due to her disability and has no relationship with Defendant, nor has she ever given it permission to call her.

18. Defendant has called Plaintiff on numerous occasions even though she has prompted it to cease its contacts.

19. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with some of the calls coming in just minutes apart from one another.

20. For instance, on August 26, 2016 and September 25, 2016, Defendant called Plaintiff at least three times each day, with all of the calls the calls coming in within one hour.

21. Plaintiff has received at least 15 calls from Defendant after demanding that it stop contacting her.

22. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent money to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff. After answering calls from Defendant, Plaintiff was greeted with an automated, recorded message soliciting her for job placement services. This recorded message is instructive

that an ATDS was being used to generate the phone calls. Despite notifying it to stop calling her number, Defendant continued to place calls to Plaintiff's cellular phone. The frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

29. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff was never interested in Defendant's services and never consented to receive solicitation calls from Defendant through means of an ATDS. Even if Plaintiff's brother *may* have consented to receive these calls, such permission was explicitly revoked by Plaintiff's demand to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CANDICE EILEEN PRICE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

34. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

35. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she was not interested in its services and to stop contacting her. Plaintiff never gave Defendant consent to contact her cellular phone via an ATDS, and any consent that her brother *may* have given it was explicitly revoked by Plaintiff's demands to cease contacting her. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to solicit business from her.

39. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. However, Defendant's fraudulent representations did not stop at just actions. Defendant also made knowingly false assurances to Plaintiff when telling her that it would remove her phone number from its system. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

40. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

41. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

43. Defendant's conduct is part an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notice to stop calling and refused to abide by said notice, evidenced by calling Plaintiff at least 15 times after she told it to stop, shows that its behavior is incurable. Defendant also made overtly false

representations when it stated that it would remove Plaintiff's phone number from its system and then continued its conduct.

44. Defendant conducts that above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

45. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 22 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, CANDICE EILEEN PRICE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 15, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com